■ QUEENS BONNIE CO., Appellant, v. JOHN C. BRITTAIN et al., Respondents. QUEENS AERO ASSOCIATES, Appellant, v. DAWOUD SHOKRIAN et al., Respondents.— Appeal (by permission) by landlord petitioners, in 11 summary proceedings to recover possession of respective apartments in multiple dwellings for nonpayment of rent, from an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated December 2, 1971, which affirmed 11 judgments (one in each proceeding) of the Civil Court of the City of New York, County of Queens, all entered December 23, 1970, in favor of respondents-tenants, dismissing the petitions on the merits. Order of the Appellate Term and judgments of the Civil Court reversed, on the law, with one bill of costs jointly to appellants against respondents jointly, and judgments directed to be entered in favor of the petitioner in each case as prayed for in each petition. It appears that the landlord submitted proposed leases to the tenants. These proposed leases did not contain a so-called "tax clause". They were signed by the tenants in the form in which they were submitted and returned to the landlords. The latter then added the "tax clause", signed the leases and returned them to the tenants. It further appears that the tenants retained the lease instruments in their final form and each of the tenants thereafter (for the first year) paid his relatively small pro rata share of the real estate tax increase subsequently imposed upon the land-

lords, in pursuance of the provisions of the afore-mentioned tax clause. In a succeeding year, a more substantial tax increase was effected by the municipality and, in the instant proceedings, the central issue was raised as to the tenants' liability therefor. In our opinion, the landlords' action in adding a tax clause to the leases while the parties were still in process of negotiating constituted a counter-offer to the proposals otherwise contained in the instruments signed by the tenants. When the tenants received the modified instruments, now newly signed by the landlords, retained them and remained in possession of the premises as tenants, they accepted the provisions added thereto in the tax clause. Moreover, their conduct in paying the first tax increase ratified and confirmed their acceptance of liability under the tax clause and made plain their own interpretation that they had leases with tax clause responsibility. If, as they now contend, they were not bound by the tax clause, they would have had no written leases at all. Under the circumstances, it must be held that they had leases, the proposed terms of which were altered by the landlords and accepted by them. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.